IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL NELSON,
    Petitioner,

v.

DAVID VARANO, et al.,
    Respondents.

CIVIL NO. 11-7257

FILED
MAR 12 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**ORDER**

**AND NOW**, this 12th day of March 2015, upon careful and independent consideration of the Petition for Writ of Habeas Corpus and the response thereto, and upon review of the Report and Recommendation ("R & R") of United States Magistrate Judge Henry S. Perkin [Doc. No. 12], to which Petitioner filed no objections, it is hereby **ORDERED** that:

    1.    The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] On October 20, 2000, after a jury trial, petitioner was convicted of second degree murder, criminal conspiracy, and three counts of robbery. The jury heard evidence that Nelson and a co-conspirator murdered a man during the robbery of a bar. A bartender and a patron were eyewitnesses to the crimes, and provided eyewitness testimony at trial implicating Nelson in the robbery and murder. A third eyewitness did not testify at trial. After his conviction and sentencing, Nelson first filed a counseled direct appeal, raising four issues: 1) the trial court erred in denying his pretrial motion to suppress the patron's identification of him from a photographic array and in permitting her to identify him at trial; 2) the verdict was against the weight of the evidence; 3) the trial judge improperly conveyed his opinion that Petitioner was guilty when addressing the jurors regarding their note indicating that they were at an impasse; and 4) the trial court erred in refusing to grant him a hearing on his post-sentence motion regarding newly acquired evidence of an alibi witness (where the alibi witness was Nelson's girlfriend, with whom he lived, who wished to testify that he was home, asleep, with her at the time of the robbery). The state courts affirmed the judgments of sentence on his direct appeals. Nelson then filed state collateral appeals under the PCRA, first claiming that that trial counsel was ineffective for advising him not to testify at trial, and later, on appeal before the Superior Court, claiming that the PCRA court erred when it failed to give him a hearing on the ineffectiveness issue raised in the PCRA court, and also claiming that PCRA counsel was ineffective for failing to raise the issue that trial counsel was ineffective for failing to introduce evidence that Nelson's fingerprints were not among the 10 latent prints detected at the bar. Nelson's collateral appeals were also unsuccessful. Nelson now seeks federal habeas relief.
    In the present petition and brief in support thereof, Nelson raises the following ineffective assistance of counsel claims: 1) failure to challenge the eyewitness identification evidence by calling prior counsel to testify that the eyewitnesses saw Petitioner at the preliminary hearing, investigating a third eyewitness who did not testify at trial, and waiving a *Kloiber* instruction to the jury; 2) advising Petitioner to waive his right to testify at trial; 3) failing to present evidence that ten latent fingerprints were recovered from the bar where the crime occurred, none of which matched Petitioner; 4) failing to argue that the trial court's charge to the jury when it became deadlocked conveyed the court's opinion that the jury should convict; 5) failing to cross examine the prosecution witnesses

2. The Petition for Writ of Habeas Corpus is **DENIED** with prejudice and **DISMISSED** without an evidentiary hearing;

3. There is no probable cause to issue a certificate of appealability; and

4. As this Order is the Final Judgment of the Court, the Clerk of Court is **DIRECTED** to mark this case closed.

It is so **ORDERED**.

BY THE COURT:

CYNTHIA M. RUFE, J.

---

regarding inconsistencies in their testimony and request a jury instruction on prior inconsistent statements; 6) failing to object to the admission of Officer Foster's testimony that he saw Nelson carrying a gun the morning before the robbery. Nelson also argues that the Commonwealth withheld exculpatory fingerprint evidence in violation of *Brady* requirements (a claim which appears to be factually incorrect).

In a thorough and well-reasoned R & R, Magistrate Judge Perkin sets forth the applicable standards of review, addressing the issues of exhaustion and procedural default, including circumstances in which the Court may review a procedurally defaulted claim, as well as the *Strickland* standard for assessing ineffective assistance of counsel claims on the merits. The R & R then systematically reviews the claims Nelson set forth in his petition for habeas relief and in his brief. Where claims were exhausted in the state courts, the R & R correctly reached the merits of the claims. Where claims were not exhausted, the R & R properly examined whether any exceptions to exhaustion applied. Even when the claims were not exhausted and were procedurally defaulted, the R & R examined the merits of the claims, to provide an alternative basis for denying the petition. The Court agrees with the findings set forth in the R & R, and the reasoning provided.